IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TABITHA STONE                                                                                    PLAINTIFF

vs.                                          Civil No. 4:10-cv-04125

MICHAEL J. ASTRUE                                                                           DEFENDANT
Commissioner, Social Security Administration

**ORDER**

Pending now before this Court is Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). ECF No. 14.[1] With this Motion, Plaintiff requests an EAJA award of $3,498.00. *Id.* On October 31, 2011, Defendant responded to this Motion. ECF No. 16. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this Order.

**1. Background:**

Tabitha Stone ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of her request for Supplemental Security Income ("SSI") and a period of disability under Titles II and XVI of the Act. ECF No. 1. On August 26, 2011, this Court reversed and remanded Plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g). ECF Nos. 12, 13.

On October 18, 2011, Plaintiff filed the present Motion requesting an award of attorney's fees under the EAJA. ECF No. 14. With this Motion, Plaintiff requests an award of attorney's fees of $3,498.00, representing 21.20 hours of attorney time at an hourly rate of $165.00. ECF No. 14. On

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."

October 31, 2011, Defendant responded to this Motion and only objects to Plaintiff's attorney's request that the EAJA payment be made directly to her, instead of to Plaintiff. ECF No. 16.

## 2. Applicable Law:

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to

2

shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3. Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF No. 13. Defendant does not contest Plaintiff's claim that she is the prevailing party, does not oppose her application for fees under the EAJA, does not object to the hourly rate she requested, and does not dispute the number of hours expended by counsel. ECF No. 16. The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $3,498.00 under the EAJA. ECF No. 14. Plaintiff requests these fees at a rate of $165.00 per hour for 21.20 hours of attorney work. *Id.* This hourly rate of $165.00 per attorney hour is authorized by the EAJA as long as a CPI is submitted. *See* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. In the present action, Plaintiff submitted a CPI. ECF No. 15. Further, Defendant does not object to this hourly rate. ECF No. 16. Therefore, this hourly rate is authorized by the EAJA, and this Court finds that Plaintiff is entitled to an hourly rate of

$165.00 per attorney hour.

Further, I have reviewed counsel's itemization of time appended to Plaintiff's application. ECF No. 14. This Court notes that Defendant has not objected to the number of hours for which counsel seeks a fee award, and this Court finds the time asserted to be spent in the representation of Plaintiff before the district court is reasonable. Thus, this Court finds that Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $3,498.00, representing 21.20 hours of attorney time at an hourly rate of $165.00.

Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521, 2528 (2010). ECF No. 16. *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See id,* 130 S.Ct. 2521, 2528 (2010). Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded to Plaintiff's attorney.

**4. Conclusion:**

Based upon the foregoing, the Court awards Plaintiff **$3,498.00** pursuant to the EAJA, 28 U.S.C. § 2412.

**ENTERED** this **1ˢᵗ day of November, 2011.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE